BOARD OF SUPERVISORS OF RICHMOND COUNTY, appellant, v. FREAN.

*Pleading — complaint — what sufficient.*

A complaint, in an action brought on behalf of a county to recover moneys paid defendant, charged the defendant with presenting claims against the county for services not rendered to the county, or for which it could legally be charged, and further set forth that the defendant knew the claims were not legal, and fraudulently procured a warrant for the payment of the same from the board of supervisors. *Held,* that the complaint stated facts sufficient to constitute a cause of action.

APPEAL from a judgment dismissing plaintiff's complaint, upon the statement of facts made by plaintiff's counsel in his opening to the jury.

The action was brought to recover certain moneys of the county of Richmond, alleged to have been unlawfully paid defendant for services, for which the county could not lawfully be charged.

The complaint alleges that the defendant presented to the board of supervisors of the county of Richmond, a bill for $250 for services in drawing a special law relating to town elections, and legalizing certain town elections in said county, and going to Albany, and procuring the passage of the law. That he procured from said board a warrant for the said sum, presented it to the county treasurer, and received from such treasurer the said sum out of moneys belonging to the county. It is alleged that the bill was not made out in items, as required by law, and that the services charged for were not those for which the county could lawfully be charged.

It is also alleged that, as a second cause of action, that the defendant obtained from the said board a warrant for $150, in payment of services as counsel in going to Albany, and procuring the passage of a certain law or laws, and that the services were not for which the county could lawfully be charged; that the warrant was presented to the county treasurer, and by him paid out of the moneys of the county.

A third cause of action of the same character and amount is set up.

In each count it is alleged that the county was not indebted to the defendant, and that, he well knowing the premises, fraudu-

lently procured the issue to him of said unlawful voucher, and fraudulently took the sum obtained thereon, and appropriated it to his own use, etc.

The only question presented on the appeal is whether the complaint contains facts sufficient to constitute a cause of action.

*Tompkins Westervelt,* for appellant, cited upon the question of the authority of the board of supervisors to allow and pay defendant's claim, 1 R. S., chap. 12, title 2, § 4 (1 R. S. 367); *People* v. *Stout,* 23 Barb. 349; *People* v. *Lawrence,* 6 Hill, 244.

Upon the right of the county to recover back, *People* v. *Supervisors of Oneida,* 19 Johns. 259; *People* v. *Supervisors of Albany,* 19 How. Pr. 22.

*Wm. Henry Anthon,* for respondent, cited upon the question of the right of the county to recover back, *Supervisors of Onondaga* v. *Briggs,* 2 Den. 26; *Clark* v. *Dutcher,* 9 Cow. 674, 681; *Bresbane* v. *Dakers,* 1 Taunt. 144; *Morat* v. *Wright,* 1 Wend. 355; *Belbie* v *Lumlay,* 2 East. 469; *Gower* v. *Popkin,* 2 Stark. 85; *Clinton* v. *Strong,* 9 Johns. 370; *N. Y. & H. R. R. Co.* v. *Marsh,* 12 N. Y. 308; Jacobs' Law Dict. "Extortion," 2 Burr. 1012.

Upon the legality of the charges, 1 R. S. (5th ed.) 903; *Bright* v. *Supervisors of Chenango,* 18 Johns. 242; *Doubleday* v. *Supervisors of Broome,* 2 Cow. 533; *Brady* v. *Supervisors of New York,* 2 Sandf. 460; *Mallory* v. *Supervisors of Cortland,* 2 Cow. 531; *People* v. *Haws,* 21 How. Pr. 179; *People* v. *Supervisors of St. Lawrence,* 30 id. 172; *Hillyer* v. *Travers,* 1 Am. Law Reg. 146; *Harris* v. *Roof's Executors,* 10 Barb. 489; *Sedgwick* v. *Stanton,* 14 N. Y. 287.

BARNARD, P. J. The complaint was dismissed in this case without any proof being taken. The only question presented by this appeal, is whether the complaint states facts sufficient to constitute a cause of action. I think beyond a question it does. The complaint charges the defendant with presenting claims to the board of supervisors of Richmond county, which were not legal claims *against* the county, were for services not rendered to the county, or for which the county could legally be charged. The complaint further charges that the defendant knew the claims were not legal, and fraudulently procured a warrant for payment of the same of the

board of supervisors. The defendant has no right to retain money obtained by such means, and the supervisors had no right to pay it to him. A trial may develop a right to the money by the defendant.

Judgment should be reversed, and new trial granted; costs to abide events.

*Judgment reversed and new trial ordered.*